1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ROBERT L. REESE, Sr.

11          Plaintiff,                    No. CIV S-05-2336 GEB KJM P

12      vs.

13   TOM L.  CAREY, Warden, et al.,

14          Defendants.                   <u>ORDER</u>

15   _____/

16          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief under 42

17   U.S.C. § 1983 and has requested leave to proceed in forma pauperis under 28 U.S.C. § 1915.

18   This proceeding was referred to this court by Local Rule 72-302 under 28 U.S.C. § 636(b)(1).

19          Plaintiff has submitted a declaration that makes the showing required by 28

20   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

21          Plaintiff is required to pay the statutory filing fee of $250.00 for this action.  28

22   U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently

23   without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C.

24   § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding

25   month's income credited to plaintiff's prison trust account.  These payments shall be collected

26   and forwarded by the appropriate agency to the Clerk of the Court each time the amount in

1

1    plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

2        The court is required to screen complaints brought by prisoners seeking relief

3    against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

4    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

5    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

6    granted, or that seek monetary relief from a defendant who is immune from such relief.  28

7    U.S.C. § 1915A(b)(1),(2).

8        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

9    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

10   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

11   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

12   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

13   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

14   Cir. 1989); Franklin, 745 F.2d at 1227.

15       A complaint, or portion thereof, should only be dismissed for failure to state a

16   claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

17   of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

18   Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

19   v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

20   complaint under this standard, the court must accept as true the allegations of the complaint in

21   question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

22   pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

23   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

24       Although the allegations of the complaint are not straightforward, plaintiff appears

25   to allege that he was denied proper medical care for some unnamed condition, leading to

26   disfigurement and disability.  He names as defendants the following: Tom Carey, warden;  A.

2

1  Traquina, Chief Medical Officer; and Kofed, orthopedic doctor at California State Prison,

2  Solano.  He also names Jung Johnson and Amirpour Vahdatyar, doctors at the Mercy Hospital in

3  Bakersfield; and Masem Mathias and Luttaray, orthopedic surgeons at the University of

4  California Medical Center in San Francisco.

5          In <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976), the Supreme Court held that

6  inadequate medical care did not constitute cruel and unusual punishment cognizable under

7  section 1983 unless the mistreatment rose to the level of "deliberate indifference to serious

8  medical needs."  In applying this standard, the Ninth Circuit has held that before it can be said

9  that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be

10  substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this

11  cause of action."  <u>Broughton v. Cutter Lab.</u>, 622 F.2d 458, 460 (9th Cir. 1980) (citing <u>Estelle</u>,

12  429 U.S. at 105-06).  A medical need is serious if failure to treat the condition could cause

13  further significant injury or the unnecessary and wanton infliction of pain.  <u>McGuckin v. Smith</u>,

14  974 F.2d 1050, 1059(9th Cir.1992), <u>overruled in part on other grounds</u>, <u>WMX Technologies, Inc.</u>

15  <u>v. Miller</u>, 104 F.3d 1133, 1136 (9th Cir.1997).

16          In this case, plaintiff alleges in conclusory fashion that he did not receive adequate

17  medical treatment.  Because he says nothing about the nature of the condition or injury and little

18  about the harm caused from the alleged failure to treat, this court cannot evaluate plaintiff's

19  complaint.

20          In addition, four of the named defendants do not appear to be employees of the

21  California Department of Corrections, but rather private doctors to whom plaintiff was taken for

22  treatment or consultation.  To allege a violation of the civil rights action, plaintiff must allege

23  that the defendant was acting under color of state law.  <u>Parratt v. Taylor</u>, 451 U.S. 527, 535

24  (1981).  In <u>West v. Atkins</u>, 487 U.S. 42, 55-56 (1988), the Supreme Court held that a doctor who

25  contracts to provide medical services to inmates on a part-time or full-time basis, when as an

26  employee or a contractor, acts under color of state law when providing treatment.  In this case,

1  however, it is not clear that the four doctor-defendants had any contractual relationship to the

2  state when they treated plaintiff.  Plaintiff will be given an opportunity to amend this portion of

3  his complaint.

4          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

5  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

6  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

7  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

8  there is some affirmative link or connection between a defendant's actions and the claimed

9  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

10  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

11  allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

12  Regents, 673 F.2d 266, 268 (9th Cir. 1982).

13          In addition, plaintiff is informed that the court cannot refer to a prior pleading in

14  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

15  amended complaint be complete in itself without reference to any prior pleading.  This is

16  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

17  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

18  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

19  original complaint, each claim and the involvement of each defendant must be sufficiently

20  alleged.

21          In accordance with the above, IT IS HEREBY ORDERED that:

22          1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

23          2.  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.

24  The fee shall be collected and paid in accordance with this court's order to the Director of the

25  California Department of Corrections filed concurrently herewith.

26  /////

4

3.  Plaintiff's complaint is dismissed.

4.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

5.  The Clerk of the Court is directed to send plaintiff another form for a civil rights action by a prisoner.

DATED:  May 16, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

2
rees2336.14

5