IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT D. REESE, SR.,

      Plaintiff,                                  No. CIV S-05-2336 GEB KJM P

    vs.

TOM L. CAREY, Warden, et al.,

      Defendants.                      ORDER

_____/

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. On May 17, 2006, this court dismissed his complaint but gave him leave to file an amended complaint. Plaintiff has done so.

        As previously noted, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

1  28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
2  indisputably meritless legal theory or where the factual contentions are clearly baseless.
3  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however
4  inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d
5  639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

6        A complaint, or portion thereof, should only be dismissed for failure to state a
7  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
8  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &
9  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
10 v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
11 complaint under this standard, the court must accept as true the allegations of the complaint in
12 question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
13 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
14 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

15       In dismissing plaintiff's earlier complaint, the court noted that while plaintiff
16 appeared to be alleging a denial of medical care, the exact contours of his grievance were not
17 clear.  The court also noted that he had not sufficiently alleged that the various doctors not
18 associated with the prison had acted under color of state law; he has not provided any additional
19 allegations showing that these defendants acted under state law.

20       Indeed, plaintiff's amended complaint is even more confusing than the original
21 complaint.  Although plaintiff has identified the injury and provided a chronology of his
22 treatment, he has, for the most part, quoted portions of various medical records, which the court
23 has neither the inclination nor the expertise to decipher.  Plaintiff will be given another
24 opportunity to file an amended complaint.

25       In McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996), the Ninth Circuit
26 Court of Appeal upheld the dismissal of a complaint it found to be "argumentative, prolix,

replete with redundancy, and largely irrelevant.  It consists largely of immaterial background information."  The court observed the Federal Rules require that a complaint consist of "simple, concise, and direct" averments.  <u>Id</u>.  As a model of concise pleading, the court quoted the standard form negligence complaint from the Appendix to the Federal Rules of Civil Procedure:

> 1.  Allegation of jurisdiction.
>
> 2.  On June 1, 1936, in a public highway, called Boylston Street, in Boston Massachusetts, defendant negligently drove a motor vehicle against plaintiff, who was then crossing said highway.
>
> 3.  As a result plaintiff was thrown down and had his leg broken, and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.
>
> Wherefore plaintiff demands judgment against defendant in the sum of one thousand dollars.

<u>Id</u>.

Phrased another way,  "Vigorous writing is concise."  William Strunk, Jr. & E.B. White, The Elements of Style, § III, ¶ 13 <http://www.bartleby.com/141>.

Plaintiff's complaint suffers from many of the same problems as the pleading dismissed in <u>McHenry</u>: there is much "'narrative rambling[]'" yet a marked lack of "notice of what legal claims are asserted against which defendants."  <u>Id</u>. at 1176.  As in <u>McHenry</u>, "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges."  <u>Id</u>. at 1179.  In his amended complaint, plaintiff should attempt to provide a straightforward account of his injury and its treatment without relying on medical terms.

Plaintiff has requested the appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel

1  pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991);
2  Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court
3  does not find the required exceptional circumstances.  Plaintiff's motion for the appointment of
4  counsel will therefore be denied.

5        Accordingly, IT IS HEREBY ORDERED that

6      1. Plaintiff's complaint is dismissed.

7      2. Plaintiff is granted thirty days from the date of service of this order to file a
8  second amended complaint that complies with the requirements of the Civil Rights Act, the
9  Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended
10 complaint must bear the docket number assigned this case and must be labeled "Second
11 Amended Complaint"; plaintiff must file an original and two copies of the second amended
12 complaint; failure to file a second amended complaint in accordance with this order will result in
13 a recommendation that this action be dismissed.

14     3. Plaintiff's July 24, 2006 motion for the appointment of counsel is denied.

15 DATED: December 14, 2006.

_____
U.S. MAGISTRATE JUDGE

18 2/mp
rees2336.31