IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT D. REESE, Sr.,

      Plaintiff,                    No. CIV S-05-2336 GEB KJM P

   vs.

TOM L. CAREY, et al.,

      Defendants.          <u>ORDER</u>

/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed December 15, 2006, plaintiff's amended complaint was dismissed with leave to file a second amended complaint. Plaintiff has now filed the second amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

/////

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In screening the two prior complaints, the court informed the plaintiff that supervisory personnel are generally not liable for civil rights violations unless there is a link between their acts or failure to act and the injury. In the second amended complaint, plaintiff adds more supervisory personnel as defendants, without describing what they did or failed to do with respect to his medical care. Instead, he relies on general allegations about their responsibility to ensure that inmates receive medical care. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

/////

1  In addition, plaintiff has named a number of "outside" doctors as defendants, alleging in conclusory terms that they were employed by and contracted with CDC. As noted before, this is not sufficient to show that they acted under color of state law and thus subject to liability in a civil rights action. West v. Atkins, 487 U.S. 42, 55-56 (1988).

As before, however, the complaint simply fails to tell the court and any other potential parties what happened to plaintiff and the role that each named defendant played in the events. The court will again advise plaintiff to follow the model for preparing a complaint outlined in McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996):

> 1. Allegation of jurisdiction.
>
> 2. On June 1, 1936, in a public highway, called Boylston Street, in Boston Massachusetts, defendant negligently drove a motor vehicle against plaintiff, who was then crossing said highway.
>
> 3. As a result plaintiff was thrown down and had his leg broken, and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.
>
> Wherefore plaintiff demands judgment against defendant in the sum of one thousand dollars.

Before the court can determine whether the complaint states a claim, it needs to know what happened to plaintiff and who acted or failed to act. There is no need to use legal-style language; in fact, plaintiff's attempts in this version of his complaint have not rendered his claims any more understandable. In addition, plaintiff's numerous exhibits do not help: plaintiff has simply attached a large number of grievances and medical records without relating them to any part of the complaint or otherwise explaining why he has included them. The court cannot and will not rely on the exhibits to tell the story which plaintiff must provide.

Once again, the court finds the allegations in plaintiff's second amended complaint so vague and conclusory that it is unable to determine whether the current action is

1 frivolous or fails to state a claim for relief. The court has determined that the second amended
2 complaint does not contain a short and plain statement as required by Federal Rule of Civil
3 Procedure 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint
4 must give fair notice and state the elements of the claim plainly and succinctly. Jones v.
5 Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at
6 least some degree of particularity overt acts which defendants engaged in that support plaintiff's
7 claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.
8 8(a)(2), the second amended complaint must be dismissed. The court will, however, grant leave
9 to file a third amended complaint.

10 In addition, plaintiff is informed that the court cannot refer to a prior pleading in
11 order to make plaintiff's second amended complaint complete. Local Rule 15-220 requires that
12 an amended complaint be complete in itself without reference to any prior pleading. This is
13 because, as a general rule, an amended complaint supersedes the original complaint. See Loux v.
14 Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a third amended complaint, the
15 original pleading no longer serves any function in the case. Therefore, in a third amended
16 complaint, as in an original complaint, each claim and the involvement of each defendant must
17 be sufficiently alleged.
18 /////
19 /////
20 /////
21 /////
22 /////
23 /////
24 /////
25 ////
26 /////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's second amended complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file a third amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the third amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint"; the third amended complaint **should not include exhibits**; plaintiff must file an original and two copies of the third amended complaint; failure to file a third amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

3. The Clerk of the Court is directed to send plaintiff the form for a civil rights action by a prisoner.

DATED: May 1, 1007.

_____
U.S. MAGISTRATE JUDGE

2

rees02336.14amd